### AULL v. NEWBERRY COUNTY.

1. COUNTY CLAIM—APPEAL—NEW TRIAL.—A claim disallowed by the county commissioners, and taken by appeal to the Circuit Court, must be there determined wholly on the evidence that was before the board; other facts stated in the return cannot be considered. And such evidence having established the claim, the judge, in reversing the order of disallowance, erred in ordering a new trial; he should have given judgment on the claim.

Before WITHERSPOON, J., Newberry, November, 1893.

Jacob L. Aull presented a claim against the County of Newberry for $190, one-half the amount due for extra work done by him to a bridge over Saluda River, between the Counties of Newberry and Edgefield. The claimant testified that he had done this extra work by direction of J. H. Smith, chairman of the board of county commissioners for Newberry, and that this order was afterwards approved ·by the chairman of the Edgefield board, who had arranged to pay one-half of the bill, which claimant testified was reasonable. There was no other testimony, and the claim was disallowed. Aull appealed to the Circuit Court, and the county commissioners made return, stating other facts and submitting an affidavit of J. H. Smith. The Circuit Judge ruled that these additional facts and affidavit could not be considered by him. He reversed the order of disallowance, and directed a new hearing of the claim. Aull appealed to this court.

*Messrs. Johnstone & Cromer*, for appellant.

*Messrs. T. S. Sease* and *W. H. Hunt, jr.*, contra.

September 12, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. Jacob L. Aull presented a verified account against Newberry County to the board of county commissioners thereof. Afterwards, he testified fully in regard to such claim. Without any testimony other than that of Aull, the said board of commissioners, in writing, *disallowed* said claim; *first*, because the extra work (the basis of the claim)

21—42

had not been properly advertised; *second,* because the chairman . of the Edgefield County commissioners acted outside his authority. To this conclusion, and the facts upon which it was based, Aull excepted. His exceptions came on to be heard by Judge Witherspoon, who *reversed* the conclusion reached by the board of county commissioners, and yet ordered a new trial of the claim by such board. Now the said Aull appeals to this court, alleging error in the decision of the Circuit Judge allowing a new trial, and alleging that such Circuit Judge should have given plaintiff judgment for his claim.

The Circuit Judge was influenced in that part of his order wherein he directed a new trial by a return of the board of county commissioners, which was made by them after their judgment had been rendered, which return set up a state of facts at variance with those testified to by Aull. In *Tinsley* v. *Union County,* 40 S. C., 276, this court decided that such a return could not be considered by the Circuit Judge. This court also held, in *Redfearn* v. *Douglass,* 35 S. C., 569, that it was competent for the Circuit Judge to pass upon the facts excepted to. Hence the Circuit Judge erred when he was influenced by said return, and ordered a new trial. Under the provisions of our Code, he should have given plaintiff judgment for his claim. There should be an end put to useless litigation. If the respondents had testimony to rebut this claim, they should have produced it. This case has had its day in court.

The judgment of this court is, that so much of the circuit judgment as was appealed from be reversed, and that the cause be remanded to the Circuit Court, with directions to enter a judgment for $190 for plaintiff against the defendant.